**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE HENRY WHALEY, JR. Private Express Trust,** | : | **Civil No. 4:26-CV-589** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **WELLS FARGO, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I. Factual Background

The instant case calls to mind the adage that doing the same thing over and over again and expecting different results is folly. George Whaley is a frequent, albeit frequently unsuccessful, *pro se* litigant.[1] There is a curious recurring theme

[1] Whaley v. Pennsylvania, No. 4:25-CV-1007, 2025 WL 3174559, at *1 (M.D. Pa. Nov. 13, 2025); George Henry Whaley Jr Priv. Express Tr. v. Commonwealth, No. 4:24-CV-01862, 2024 WL 7119832, at *1 (M.D. Pa. Dec. 18, 2024), report and recommendation adopted sub nom. GEORGE HENRY WHALEY JR. PRIVATE EXPRESS TRUST, Plaintiff, v. COMMONWEALTH OF PENNSYLVANIA et al., Defendant., No. 4:24-CV-01862, 2025 WL 5100605 (M.D. Pa. Mar. 28, 2025); Whaley v. City of Williamsport, No. 4:24-CV-00508, 2024 WL 4711987, at *1 (M.D. Pa. Aug. 7, 2024); Whaley v. Scirica, No. 1:22-CV-01850, 2023 WL 3035318, at *1 (M.D. Pa. Jan. 20, 2023), report and recommendation adopted, No. 4:22-CV-1850, 2023 WL 3035314 (M.D. Pa. Feb. 7, 2023); Whaley v. Pennsylvania, No. 4:22-CV-00987, 2022 WL 20212747, at *1 (M.D. Pa. Dec. 27, 2022), report and recommendation adopted, No. 4:22-CV-00987, 2023 WL 4188028 (M.D. Pa. June 26, 2023); Whaley v. Midland Funding, LLC, No. 4:20-CV-1681,

and perhaps an element of unintended irony to Whaley's frequent forays into federal court. It is evident from Whaley's pleadings that he places himself as a sovereign citizen beyond the reach of any law unless he consents to allow that law to apply to him. Indeed, Whaley's filings often begin with the assertion that Whaley does not consent to submitting to the court's jurisdiction. Yet while Whalley denies our jurisdiction over him, he—ironically—insists that we should assert jurisdiction on his behalf over the state courts, where he has faced frequent legal entanglements, both civil and criminal.

It is against this backdrop that we turn to the instant case. Whaley's initial filing is an odd, prolix, 417-page hybrid document. In this filing, Whaley first seeks to remove a state court foreclosure action filed by Wells Fargo to federal court. (Doc. 1-2, 1-3). That state mortgage foreclosure case was filed in the Court of Common Pleas of Lycoming County on October 22, 2025, some ten months ago. Further, Whaley first unsuccessfully attempted to remove this case in December of 2025. Wells Fargo v. Whaley, Civil No. 4:25-cv-2316. On February 20, 2026, this Court granted Wells Fargo's motion to remand and remanded this case to state court. (Id., Doc. 69).

---

2021 WL 895804, at *1 (M.D. Pa. Feb. 1, 2021), report and recommendation adopted, No. 4:20-CV-01681, 2021 WL 880523 (M.D. Pa. Mar. 9, 2021).

Undeterred, Whaley filed this second motion to remand on March 6, 2026, along with a document that purports to be some sort of federal civil rights claims that names Wells Fargo, the Court of Common Pleas, three state court judges, and the Lycoming County sheriff as defendants. (Doc. 1). In this strange hybrid pleading, Whaley invites us to intervene in his state foreclosure action and also enter an award of compensatory and punitive damages against all of these defendants. (Id.) With the exception of Wells Fargo, there is no indication that Whaley has properly served any of the parties named in this idiosyncratic filing. Moreover, Whaley himself has taken no steps to litigate this case since April 1, 2026.

Presented with this second, serial attempt to remove this foreclosure action to federal court, Wells Fargo filed a motion to remand this case. (Doc. 8). Whaley was ordered to respond to this motion by April 20, 2026, and was placed on notice that the motion would be deemed unopposed if he failed to respond. (Doc. 11). Knowing this, Whaley has failed to respond, and the time for response has now long since passed.

With the litigation in this procedural posture, on August 31, 2026, the case was transferred to the undersigned. On September 3, 2026, the case was then assigned to the district court and referred to us to address the pending and currently unopposed motion to remand. For the reasons set forth below, it is recommended

that the motion to remand be granted, and Whaley's pleadings dismissed to the extent that they bring meritless and frivolous claims.

## II. Discussion

### A. The Motion to Remand Should Be Deemed Unopposed

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion to remand, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that Local Rule 7.6 can be applied to grant a motion if a party fails to comply with the Rule after a specific direction to comply from the court. Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)) (internal quotations omitted). In this case, the plaintiff has not complied with the local rules, or this Court's April 6, 2026 order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . .."

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998)).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever

possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this motion to remand. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion to be unopposed.

**B. Our Prior Remand Order is *Res Judicata*.**

Whaley's filings ignore an immutable fact: This is the plaintiff's second removal petition. The current petition was filed on March 6, 2026, a mere two weeks after this Court entered an order in a related case remanding this case to state court. Wells Fargo v. Whaley, Civil No. 4:25-cv-2316. (Doc. 69).

On these facts, where the removal of this case has already been fully considered and rejected by the Court, *res judicata* applies and bars relitigation of this issue. This is a fatal flaw in this pleading since in federal practice it is well settled that *res judicata* or:

> Claim preclusion bars suit when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of

> action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). In evaluating whether those elements exist, we do not proceed mechanically, "but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit. In so doing, we avoid piecemeal litigation and conserve judicial resources." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (internal quotation marks and brackets omitted), cert. denied, —— U.S. ——, 135 S.Ct. 1738, 191 L.Ed.2d 702 (2015). "The purpose of *res judicata* is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.' "

Davis v. Wells Fargo, 824 F.3d 333, 341–42 (3d Cir. 2016).

Likewise in state practice:

> For *res judicata* to apply, Pennsylvania courts require that the two actions share the following four conditions: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties or their privies to the action; and (4) identity of the capacity of the parties to sue or be sued. R & J Holding Co. v. Redevelopment Auth., 670 F.3d 420, 427 (3d Cir. 2011) (citing Bearoff v. Bearoff Bros., Inc., 458 Pa. 494, 327 A.2d 72, 74 (1974) ). The party asserting a bar under res judicata bears the burden of showing that it applies. Davis v. U.S. Steel Supply, 688 F.2d 166, 170 (3d Cir. 1982) (en banc).

Estate of Tyler ex rel. Floyd v. Grossman, 108 F.Supp.3d 279, 290 (E.D. Pa. 2015).

See Farkas v. Rich Coast Corp., No. 1:14-CV-272, 2017 WL 10299096, at *4–5 (M.D. Pa. May 19, 2017), report and recommendation adopted, No. 1:14-CV-272, 2017 WL 10299208 (M.D. Pa. Aug. 17, 2017).

In the instant case, Whaley has now twice attempted within the span of two weeks to remove the same state case to federal court. Thus, the identity of parties, claims and issues that is essential for claims preclusion exists here. Therefore, our February 20, 2026, order which rejected Whaley first removal petition and remanded this case to the state courts is *res judicata* and bars the plaintiff from relitgating this issue.

**C. This Case Was Improperly Removed by Whaley.**

In any event, Whaley's latest removal petition fails on its merits. This case presents a striking scenario. On February 20, 2026, Whaley was told by this Court that he could not remove this garden variety mortgage foreclosure case from state court and his case was remanded to the Court of Common Pleas of Lycoming County. Two weeks later, Whaley did precisely what he had been informed he could not do: He once again attempted to remove this state foreclosure case to federal court.

It is well settled that "[t]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)) (internal citations omitted). Therefore, "a party who urges jurisdiction on a federal court bears the

burden of proving that" removal is appropriate. Id. Thus, as we have observed in the past:

> The [party seeking removal] bear[s] the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L.Ed.2d 1046 (1991); Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1011 (3d Cir. 1987). Removal statutes are to be strictly construed and all doubts resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L.Ed. 1214 (1941); Boyer, 913 F.2d at 111; Landman v. Borough of Bristol, 896 F. Supp. 406, 408 (E.D. Pa. 1995).

Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003).

In this regard, it is also clearly established that "[t]he existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court." Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir. 1997). Further:

> Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court. International Primate Protection League v. Administrators of Tulane Educ. *Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991); Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Svcs., 876 F.2d 1051, 1054 (1st

Cir.1989).

Id. at 213.

Finally, it is beyond peradventure that:

> [B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns.

Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003).

In the instant case, Whaley purports once again to remove a state mortgage foreclosure case to federal court, even though the complaint in that state mortgage foreclosure action presents no claims arising under the Constitution or laws of the United States.

As we have previously explained to Whaley, it is well-settled that: "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)). In this case, a review of the plaintiff's well-pleaded

complaint does not reveal that a federal question is presented on the face of that well-pleaded complaint.

In such instances, where no federal claim can be found in the plaintiff's complaint, a mortgagor may not remove a state foreclosure action to federal court and the case should be remanded to state court. See e.g., Fed. Nat'l Mortg. Ass'n v. Boldrini, No. 3:18-CV-1959, 2018 WL 6735102, at *3 (M.D. Pa. Nov. 6, 2018), report and recommendation adopted, No. CV 18-1959, 2019 WL 4241114 (M.D. Pa. Sept. 6, 2019); Hudson City Sav. Bank, FSB v. Barrow, No. 16-CV-4190 (KM), 2017 WL 701381, at *1 (D.N.J. Feb. 22, 2017); Green Tree Servicing LLC v. Dillard, 88 F.Supp.3d 399, 400 (D.N.J. 2015).

Nor can Whaley, as a state court defendant, remove this case to federal court based upon the court's diversity jurisdiction. When removal jurisdiction is premised upon diversity of citizenship, an additional statutory consideration comes into play. In this setting, the federal removal statute, Section 1441(b)(2) of Title 28, United States Code provides that:

> A civil action otherwise removable solely on the basis of the [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (b)(2).

Section 1441(b)(2) codifies what is colloquially referred to as the "forum defendant" rule. As the United States Supreme Court has explained in describing the "forum defendant" rule:

> When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought."

Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996). Thus, where a properly joined named defendant in a state court lawsuit is a citizen of the state in which the action is brought, removal of that lawsuit to federal court is generally forbidden unless it can be shown that the joinder of the named in-state defendant was somehow fraudulent. See McCarthy v. Minnesota Laws. Mut. Ins. Co., No. 3:23-CV-450, 2023 WL 4662918, at *3 (M.D. Pa. June 5, 2023), report and recommendation adopted, No. 3:23-CV-450, 2023 WL 9052008 (M.D. Pa. Dec. 29, 2023).

In our view, the forum defendant rule applies here and prevents Whaley from removing this case to federal court based upon diversity of citizenship. Indeed, Whaley's pleadings acknowledge that he is a citizen of Pennsylvania since Whaley plainly describes himself as a "natural person at 'in care of' 1544 Route 61, S. Suite 6104, Pottsville, Pennsylvania [17901], and is the owner holder of the private

property located at 675/677 Campbell Street, Williamsport, Pennsylvania." (Doc. 1 at 11). Moreover, it is beyond dispute that Whaley currently remains a Pennsylvania resident since he is confined in the Lycoming County Prison awaiting trial on state criminal threats charges arising out of events which occurred in Pennsylvania. See Commonwealth v. Whaley, CP-41-CR-0000977-2026. Therefore, in the absence of any response to the motion to remand by Whaley, the plaintiff cannot carry his burden of proving that federal diversity subject matter jurisdiction exists simply through the expedient of claiming a California mailing address.

**D. Whaley's Newly Minted Claims Are Frivolous**

Finally, the newly minted claims which Whaley attempts to level against persons and institutions who are not parties in the original state case are frivolous and provide no basis for removal of this mortgage foreclosure action to federal court. As we have noted, Whaley's filings purport to bring federal civil rights claims against the Court of Common Pleas, three state court judges, and the Lycoming County sheriff. (Doc. 1). These claims all fail.

At the outset, Whaley may not sue the Court of Common Pleas as an institutional defendant for damages. These claims fail because "it is clear that Pennsylvania's court of common pleas are institutions of state government which are cloaked with immunity under the Eleventh Amendment to the United States

Constitution." Brown v. Dolbin, No. 3:23-CV-1040, 2023 WL 11981252, at *7 (M.D. Pa. June 27, 2023), report and recommendation adopted, No. CV 3:23-1040, 2023 WL 11983211 (M.D. Pa. Nov. 2, 2023) (citing, Benn v. First Judicial District of Pennsylvania, 426 F.3d 233 (3d Cir. 2005); Greer v. Court of Common Pleas of York County, No. 07-1051, 2007 WL 1853766 (M.D. Pa. June 26,) (Conner, J.) aff'd., 259 F. App'x. 437 (3d Cir. 2007)).

Nor can Whaley bring damages claims against the state court judges or county sheriff named in these pleadings. These officials are also cloaked in immunity from liability for their actions in state mortgage foreclosure litigation. As we have observed:

> As the Third Circuit explained when it rejected a similar attempt to impose individual liability upon judicial and quasi-judicial actors in state mortgage foreclosure cases:
>
>> With regard to the defendant judges, judicial immunity extends to judicial officers, even if their actions were "in error, w[ere] done maliciously, or w[ere] in excess of [their] authority," unless the officers acted in clear absence of all jurisdiction. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (citations, quotations omitted). The complained-of acts were clearly performed by these defendants in their roles as judges, and the alleged procedural errors identified by Conklin do not abrogate judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

> Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012). This immunity also extends to quasi-judicial actors like the prothonotary or sheriff who play a role in state foreclosure proceedings. As the Third Circuit noted:
>
> > Our finding of immunity also extends to [the] Court Administrator ... and Sheriff. . . .. [The sheriff], meanwhile, is attacked exclusively for his role in carrying out the sale of [the foreclosed property] because the sale was at the direction of a "*facially* valid court order," he is entitled to quasi-judicial immunity from suit as well. Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) (emphasis added).
>
> Id. at 264.

Molison v. Menges, No. 1:23-CV-1923, 2024 WL 5671081, at *5–6 (M.D. Pa. Feb. 9, 2024), report and recommendation adopted, No. 1:23-CV-01923, 2024 WL 5673230 (M.D. Pa. Mar. 14, 2024). Therefore, these defendants are immune from any form of civil liability for their roles in this mortgage foreclosure litigation.

Finally, to the extent that Whaley invites a federal court to intervene in state mortgage foreclosure litigation, setting aside prior state court orders and entering injunctions directing the future course of the state case, these claims fail.

At the outset:

> [I]t has been consistently recognized that the Rooker–Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine state

> mortgage litigation rulings. See, e.g., Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149 (3d Cir. 2008) (Rooker–Feldman doctrine precludes re-litigation of state mortgage foreclosure in federal court); Ayres–Fountain v. Eastern Savings Bank, 153 F. App'x 91 (3d Cir. 2005) (same); In re Knapper, 407 F.3d 5773 (3d Cir. 2005) (same); Downey v. Perrault, No. 09–1018, 2009 WL 3030051 (D.N.J. Sept. 15, 2009) (same); Easley v. New Century Mortgage Corp., No. 08–4283 (E.D. Pa. July 28, 2009) (same); Laychock v. Wells Fargo Home Mortgage, No. 07–4478, 2008 WL 2890962 (E.D. Pa. July 23, 2008) (same).

Disen v. Bayview Loan Servicing, LLC, No. 3:21-CV-521, 2024 WL 575859, at *5 (M.D. Pa. Jan. 2, 2024), report and recommendation adopted, No. 3:21-CV-00521, 2024 WL 1887058 (M.D. Pa. Apr. 30, 2024), aff'd, No. 24-1885, 2025 WL 18541 (3d Cir. Jan. 2, 2025).

Nor can Whaley use the federal courts to enjoin the future progress of this state mortgage foreclosure case. Indeed, the Third Circuit has expressly rejected such invitations by state court mortgage litigants in the past, holding that federal courts to abstain from intervening in these pending state cases. Gray v. Pagano, 287 F. App'x 155, 158 (3d Cir. 2008).

In sum, this motion is effectively unopposed due to Whaley's inaction. Moreover, Whaley's latest removal petition is meritless and barred by *res judicata*. Therefore, the motion to remand should be granted.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the motion to remand, (Doc. 8), be GRANTED and this case be REMANDED to state court.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of September 2026.

*S/Martin C. Carlson*
United States Magistrate Judge