IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE HENRY WHALEY, JR., Private Express Trust, Plaintiff** | : | **No. 4:26cv589** |
| | : | **(Judge Munley)** |
| **v.** | : | **(Magistrate Judge Carlson)** |
| **WILLIAM CARLUCCI, *et al.* Defendants** | : | |

**ORDER**

On March 6, 2026, plaintiff, for the second time, noticed the removal of a foreclosure proceeding taking place in the Lycoming County, Pennsylvania, Court of Common Pleas. (Doc. 1). Before the court is Magistrate Judge Carlson's report and recommendation, which recommends granting Defendant Wells Fargo's motion to remand, (Doc. 8), on the grounds that the removal was frivolous, barred by res judicata, and that the matter is outside the court's jurisdiction. (Doc. 15).

Magistrate Judge Carlson issued the R&R on September 4, 2026. By statute, objections were due within 14 days. 28 U.S.C. § 636(b)(1)(C). No objections to the R&R have been filed and the time for such filing has passed. Whaley did file an "answer to order petition for redress of grievances," which emphasized that whatever dispute Wells Fargo has is between the bank and his "private express trust." (Doc. 16). Whatever the merits of that argument, it has

nothing to do with the report and recommendation. (See generally Doc. 15). The R&R is thus ready for review.

In deciding whether to adopt the R&R when no timely objection is filed, the court is prompted to provide "some reasoned consideration" of the dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also FED. R. CIV. P. 72, NOTES OF ADVISORY COMMITTEE ON RULES—1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

After a careful review, the court finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court will adopt the R&R in its entirety. Accordingly, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 15), is **ADOPTED** in full;

2) Defendant Wells Fargo's motion to remand, (Doc. 8), including its request for attorney's fees, is **GRANTED**;

3) No later than thirty days from the date of this order, or **December 10, 2026**, Wells Fargo may file a motion for attorney's fees moving for the "just costs and . . . actual expenses" it incurred as a result of this

second removal. 28 U.S.C. § 1447(c); see Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). The briefing schedule for the motion shall be in accordance with M.D. Pa. L.R. 7.5 through 7.7.

4) Aside from the matter of attorney's fees, for which the court retains ancillary jurisdiction, this case is remanded to the Lycoming County Court of Common Pleas; and

5) The Clerk of Court is directed to close this case.

**Date:** 11/10/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**